**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| HK KOLMAR USA, LLC,<br>Plaintiff,<br>v.<br>WORMSER CORPORATION,<br>Defendant. | Hon. Gabriel W. Gorenstein<br>Civil Action No. 24-cv-9144-GWG |

**CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER**

This Confidentiality Agreement and Stipulated Protective Order ("Order") is entered into by and among the parties to the above-captioned Action (each referred to herein individually as a "Party," and collectively, as the "Parties") and any other persons or entities who become bound by this Order by signifying their assent through execution of Exhibit A hereto (a "Declaration"). The Parties, by and through their respective attorneys of record and subject to Court approval, have agreed to entry of this Order pursuant to Federal Rule of Civil Procedure 26(c).

**Recitals**

WHEREAS, disclosure and discovery activity in this Action may involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this Action may be warranted;

WHEREAS, the Parties have sought or may seek certain discovery from one another, including through document requests, interrogatories, depositions, subpoenas, and other discovery requests as provided by the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of New York; and

WHEREAS, to facilitate and expedite the production, exchange, and treatment of discovery materials, to facilitate the prompt resolution of disputes over confidentiality, and to protect discovery materials that a Party seeks to maintain as confidential;

NOW, THEREFORE, to facilitate and expedite the production, exchange and treatment of Discovery Material (as defined below), to facilitate the prompt resolution of disputes over confidentiality, and to protect Discovery Material that a Party seeks to maintain as confidential, IT IS HEREBY STIPULATED, AGREED, AND, UPON COURT APPROVAL HEREOF, IT IS ORDERED that the following terms will govern any requests for and production and handling of Discovery Material (as defined below) in connection with this Action:

1. The Parties shall submit this Order to the Court for approval. The Parties shall abide by the terms of this Order even if this Order is not entered by the Court for any reason, unless the Court otherwise determines.

**Scope of Order**

2. This Order applies to all information, documents, and things exchanged in or subject to discovery that is produced either by a Party or a non-Party (each a "Producing Person"), to any other Party (a "Receiving Party"), formally or informally, in response to or in connection with any discovery requests served in this Action, including without limitation, deposition testimony (whether based upon oral examination or written questions), interrogatories, answers to interrogatories, requests for admission, responses to requests for admission, documents, information, and things produced, as well as any and all copies, abstracts, digests, notes, summaries, and excerpts thereof (collectively referred to as "Discovery Material").

3. Persons who have not signed this Order or executed Exhibit A shall not be permitted to review Confidential Material or Highly Confidential Material unless either (i) the person designating the material consents in writing, or (ii) after a request to such designating

person is declined, the Court grants permission to review such material following notice and a hearing.

4. This Order applies to all non-Parties that are served with subpoenas in connection with this Action or who otherwise produce documents or are noticed for depositions, and all such non-Parties are entitled to the protections afforded hereby and subject to the obligations contained herein upon signing a Declaration and agreeing to be bound by the terms of this Order.

5. Any Party or its counsel serving a subpoena upon a non-Party shall serve a copy of this Order along with such subpoena and instruct the non-Party recipient that such non-Party may designate documents or testimony produced pursuant to such subpoena according to the provisions herein.

**Designating Discovery Material**

6. Any Producing Person may designate Discovery Material as "Confidential Material" or "Highly Confidential Material" (any such Discovery Material, "Designated Material") in accordance with the following provisions:

a. Confidential Material: A Producing Person may designate Discovery Material as "Confidential" if such Producing Person believes in good faith (or with respect to documents received from another person, has been reasonably advised by such other person) that: (i) such Discovery Material constitutes or contains nonpublic proprietary or confidential, business, financial, personal, or other information of a nature that can be protected under Federal Rule of Civil Procedure 26(c); (ii) such Discovery Material is subject by law, regulation, or by contract to a legally protected right of privacy or confidentiality; or (iii) a Producing Person is under a preexisting obligation to a third party to treat such Discovery Material as confidential.

b. Highly Confidential Material: A Producing Person may designate Discovery Material as "Highly Confidential" if such Producing Person believes in good faith (or with respect to documents received from another person, has been reasonably advised by such other person) that such Discovery Material constitutes and/or contains current trade secrets, proprietary business information, personally identifiable information ("PII") (e.g., addresses, social security numbers, financial account numbers, passwords) or other especially sensitive information the disclosure of which

would likely cause substantial harm to the business, commercial, financial, or personal interests of the Producing Person and/or a third party to whom a duty of confidentiality is owed if disclosed.

c. Undesignated Material: No Party shall have any obligation or duty to maintain as confidential or prevent from disclosure any Discovery Material that is not Designated Material.

7. Manner Of Designating Discovery Material: Where reasonably practicable, any Designated Material other than oral deposition testimony shall be designated by the Producing Person as such by marking each such page “Confidential” or “Highly Confidential” as applicable. Such markings should not obliterate or obscure the content of the material that is produced. Where marking of every page of such material is not practicable, such as with certain native file documents, such material may be designated by including such terms in the file name thereof, in a confidentiality metadata field, or on the placeholder sheet produced along with the native electronic document. A Party that was not the Producing Person may designate Discovery Material by providing written notice to all Receiving Parties that such Discovery Material is “Confidential” or “Highly Confidential.” In all cases, the designation of Discovery Material as “Confidential” or “Highly Confidential” shall constitute a representation that there is a good-faith basis for that designation.

8. Late Designation of Discovery Material: The failure to designate particular Discovery Material as “Confidential” or “Highly Confidential” at the time of production shall not operate to waive a Party’s right to later designate such Discovery Material as Designated Material. If Discovery Material produced without a designation is subsequently designated, the Receiving Party or Parties shall take all commercially reasonable steps to return or destroy all previously produced copies and substitute properly labeled copies. Notwithstanding the foregoing, no Party shall be deemed to have violated this Order if, prior to notification of any later designation, such

Discovery Material was disclosed or used in any manner consistent with its original designation but inconsistent with its later designation.

**Use and Disclosure of Confidential or Highly Confidential Material**

9. General Limitations On Use And Disclosure Of All Discovery Material: All Discovery Material shall be used by the Receiving Parties solely for the purposes of this Action, and not for any other purpose, including any other litigation or judicial proceedings, or any business, competitive, governmental, commercial, or administrative purpose or function. Any Party in possession of Confidential or Highly Confidential Discovery Material shall maintain those materials in a reasonably secure manner and shall not reveal or discuss such information to or with any person not entitled to receive such material. For the avoidance of doubt, each Producing Person reserves all rights to pursue all available remedies in the event any Confidential or Highly Confidential Material is revealed to or discussed with an unauthorized party or used for any purpose other than for use in this Action.

10. Confidential Material: Confidential Material, and any and all information contained therein, may be given, shown, made available to or communicated only to the following:

a. any Party, including their respective members, managers, partners, directors, officers, employees, and agents who are assisting with or making decisions with respect to this Action;

b. former personnel of the Parties actually engaged in assisting in the preparation of this Action for trial or other proceeding herein provided; and

c. any other persons specified in Paragraph 11 below.

11. Highly Confidential Material: Highly Confidential Material, and any and all information contained therein, may be given, shown, made available to or communicated only to the following:

a. outside counsel, and staff working under the express direction of such counsel, for any Party;

b. experts or non-testifying consultants who are employed or retained by a Party to this Action;

c. any person who is indicated on the face of a document to have been an author, addressee or copy recipient thereof, an actual or intended recipient thereof, or in the case of meeting minutes, an attendee of the meeting;

d. for purposes of witness preparation, any deponent or witness who was noticed for a deposition, or is on a witness list for hearing or trial, in preparation for his or her noticed deposition, hearing, or trial testimony where such Highly Confidential Material is determined by counsel in good faith to be necessary to the anticipated subject matter of testimony, and that doing so would not cause competitive harm, provided, however, that such Highly Confidential Material can only be shared with such person in connection with preparation for the anticipated testimony, and the persons identified in this paragraph shall not be permitted to retain copies of such Highly Confidential Material;

e. any adverse witness during the course of a deposition where counsel questioning the witness reasonably and in good faith believes that questioning the witness regarding the document is necessary and that doing so would not cause competitive harm to the Producing Person and would not cause harm to the witness or the witness' employer, for example, by revealing material non-public information to the witness;

f. court reporters, stenographers, or videographers who record deposition or other testimony in connection with the Action;

g. the Court, its officers and clerical staff in any judicial proceeding that may result from the Action;

h. any mediator or arbitrator engaged by the Parties to this Action;

i. outside litigation support services, as necessary for use in connection with this Action; and

j. any other person or entity with respect to whom the Producing Person may consent in writing.

12. Designated Material To Be Disclosed Only In Accordance With Paragraphs 10 and 11: Highly Confidential Material, and any and all information contained therein, shall not be given, shown, made available to, disclosed or communicated in any way, except to those people provided in Paragraph 11 of this Order. Confidential Material, and the substantive information contained

therein, shall not be given, shown, made available to, disclosed or communicated in any way, except to those people provided in Paragraph 11 of this Order.

13. Prerequisite To Disclosure Of Designated Material: Before any person or their representative identified in Paragraphs 10(a), 11(b), 11(d), 11(e), 11(h), 11(i) or 11(j) hereof is given access to Designated Material, such person or their representative shall be provided with a copy of this Order and shall execute a Declaration, in the form provided as Exhibit A annexed hereto. Each such Declaration shall be retained in the files of counsel for the Party who gave access to the Designated Material to the person who was provided such access. Such executed Declarations shall not be subject to disclosure unless a showing of good cause is made and the Court so orders.

14. Sealing Of Designated Material Filed With Or Submitted To Court: Unless otherwise agreed by the Producing Person, all Designated Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose Highly Confidential or Confidential Material, shall be filed under seal in accordance with Federal Rule of Civil Procedure 5.2, Local Civil Rule 5.2, and paragraph 2.E of Judge Gorenstein's Individual Practices. Specifically, the filing Party shall: (a) file the materials under seal (the "Sealed Filing"); and (b) publicly file on ECF a redacted version of the materials that redacts the Designated Material (the "Public Filing"). The Sealed Filing shall highlight any proposed redactions or otherwise clearly indicate where such redactions occur. In addition, unredacted and complete copies of all such submissions shall be provided to all parties to this Order and to the Court. At the time of such filing, if the redactions arise from the filing party's own designations, the filing party shall concurrently file a motion to seal (which may be a letter motion) that justifies the proposed sealing by citing case law and providing any factual explanation required to justify the sealing. If the

redactions arise from designations made by another party, the filing party shall state in the Public Filing that the redactions result from another party's confidentiality designations and that such party has an obligation to file a motion to seal within seven (7) days. In such cases, the designating party shall bear the obligation to file a motion to seal justifying the proposed sealing within seven (7) days of the filing.

15. Use of Discovery Material In Open Court: The limitations on disclosure in this Order shall not apply to any Discovery Material offered or otherwise used by any Party at trial or any hearing held in open court except as provided in this paragraph. As part of any pretrial conference or any meet and confer regarding the use of exhibits in any evidentiary hearing, and where practicable at least 48 hours prior to the use of any Designated Material at trial or any hearing to be held in open court, counsel for any Party who desires to offer or use such Designated Material at trial or any hearing to be held in open court shall meet and confer in good faith with the Producing Person together with any other Parties who have expressed interest in participating in such meet and confer to discuss ways to redact the Designated Material so that the material may be offered or otherwise used by any Party. If the Parties are unable to resolve a dispute related to such Designated Material, then the Receiving Party bears the burden of requesting relief from the Court and, in the absence of such relief, there shall be no use of such Designated Material at trial or any hearing held in open court.

**Depositions**

16. Deposition Testimony - Manner Of Designation: In the case of depositions, if counsel for a Party or non-Party believes that a portion of the testimony given at a deposition should be Designated Material of such Party or non-Party, such testimony may be designated as appropriate by:

a. Stating so orally on the record and requesting that the relevant portion(s) of testimony is so designated; or

b. Providing written notice within thirty (30) days of the Party's or non-Party's receipt of the final transcript from the court reporter that the transcript or videotape, or relevant portion(s) thereof, of a deposition is so designated; except in the event that a hearing on related issues is scheduled to occur prior to the expiration of the thirty (30) days, in which case the foregoing thirty (30) day period will be reduced to three (3) days before such hearing. Where a hearing or pleading deadline on related issues is scheduled to occur in such close proximity to a deposition that a three-day period is not practical, notice shall be given at the deposition or as soon as practical thereafter; such written notice shall, in all circumstances, be provided at least one (1) day before any such hearing on related issues. Such designation and notice shall be made in writing to the court reporter, with copies to all other counsel, identifying the portion(s) of the transcript that is so designated, and directing the court reporter to treat the transcript as provided in Paragraph 19 below. Until expiration of the aforesaid thirty (30) day or three (3) day period, as applicable, following receipt of the transcript by the Parties or non-Parties, all deposition transcripts and videotapes shall be considered and treated as Highly Confidential unless otherwise designated by counsel to any Party or non-Party on the record at the deposition.

17. Designated Material Used As Exhibits During Depositions: Nothing in Paragraph 16 shall apply to or affect the confidentiality designations on Discovery Material entered as exhibits at depositions.

18. Presence Of Persons During Deposition Testimony: Anyone who is not counsel to a Party and who wishes to attend a deposition must become a Party to this Order prior to such deposition. When Designated Material is elicited during a deposition, persons not entitled to receive such information under the terms of this Order shall, upon request, be excluded from the portion of the deposition so designated.

19. Responsibilities And Obligations Of Court Reporters: In the event that testimony is designated as Confidential or Highly Confidential, the court reporter, who shall first have agreed to abide by the terms of this paragraph, shall be instructed to include on the cover page of each such transcript the legend, "This transcript portion contains information subject to a Protective

Order and shall be used only in accordance therewith," and each page of the transcript shall include the legend "Confidential" or "Highly Confidential," as appropriate. If the deposition is videotaped, the videotape shall also be subject to the same level of confidentiality as the transcript and include the legend "Confidential" or "Highly Confidential," as appropriate, if any portion of the transcript itself is so designated.

**General Provisions**

20. This Order is a procedural device intended to protect Discovery Material designated as Designated Material. Nothing in this Order shall affect any Party's or non-Party's rights or obligations unrelated to the confidentiality of Discovery Material.

21. Nothing contained herein shall be deemed a waiver or relinquishment by any Party or non-Party of any objection, including but not limited to, any objection concerning the alleged confidentiality, the designation of Designated Material, or proprietary nature of any documents, information, or data requested by a Party or non-Party, any right to object to any discovery request, or any right to object to the admissibility of evidence on any ground, or to seek any further protective order, or to seek relief from the Court or any other applicable court from any provision of this Order by application on notice.

22. Unauthorized Disclosure Of Designated Material: In the event of a disclosure by a Receiving Party of Designated Material to persons or entities not authorized by this Order to receive such Designated Material, the Receiving Party making the unauthorized disclosure shall, upon learning of the disclosure: immediately notify the person or entity to whom the disclosure was made that the disclosure contains Designated Material subject to this Order; immediately make reasonable efforts to recover the disclosed Designated Material as well as preclude further dissemination or use by the person or entity to whom the disclosure was made; and immediately notify the Producing Person of the identity of the person or entity to whom the disclosure was

made, the circumstances surrounding the disclosure, and the steps taken to recover the disclosed Designated Material and ensure against further dissemination or use thereof. Disclosure of Designated Material other than in accordance with the terms of this Order may subject the disclosing person to such sanctions and remedies as the Court may deem appropriate.

23. Manner Of Objecting To Designated Material: If any Receiving Party objects to the designation of any Designated Material (whether such designation is made on a permanent basis or temporary basis with respect to deposition testimony), the Receiving Party shall first raise the objection with the Producing Person in writing, and then confer in good faith to attempt to resolve any dispute respecting the terms or operation of this Order. If within seven (7) days after receipt of an objection in writing, the Producing Person does not agree to change the designation of the Discovery Material, the Receiving Party may seek expedited relief from the Court. Until the Court rules on such an issue, the Designated Material shall continue to be treated according to its designation. Upon motion, the Court may order the removal of the "Confidential" or "Highly Confidential" designation from any Discovery Material so designated. In connection with any request for relief concerning the propriety of a "Confidential" or "Highly Confidential" designation, the Producing Person shall bear the burden of proof.

24. Timing Of Objections To Designated Material: A Receiving Party shall not be obliged to challenge the propriety of a "Confidential" or "Highly Confidential" designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. The failure of any Party to challenge the designation by a Producing Person of Discovery Material as "Confidential" or "Highly Confidential" during the discovery period shall not be a waiver of that Party's right to object to such designation at trial.

25. Inadvertent Production Of Privileged Discovery Material: The inadvertent production of privileged or work-product protected documents, electronically stored information, or information (the "Inadvertently Produced Privileged Information") is not a waiver of the privilege or protection from discovery. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Within a reasonable period of time after a Producing Person discovers (or upon receipt of notice from another Party or non-Party) that it has produced Inadvertently Produced Privileged Information, the Producing Person shall request the return of such Inadvertently Produced Privileged Information by identifying in writing the Discovery Material inadvertently produced and the basis for withholding such Discovery Material from production. If a Producing Person requests the return of Inadvertently Produced Privileged Information pursuant to this paragraph, within seven (7) days of receiving such notice, the Receiving Party shall immediately take all commercially reasonable steps to return or destroy the Discovery Material (and copies thereof) and shall take all commercially reasonable steps to sequester or destroy any work product that incorporates the Inadvertently Produced Privileged Information. If the Receiving Party disputes the privilege claim, it must notify the Producing Person of the dispute and the basis therefor in writing within seven (7) days of receipt of the Producing Person's notification. The Parties shall thereafter meet and confer regarding the disputed privilege claim. If the Parties cannot resolve their dispute, either Party may seek a determination from the Court whether the privilege applies on an expedited basis. The Producing Person must preserve the Inadvertently Produced Privileged Information and, other than in connection with seeking a determination by the Court, the Receiving Party may not use the Inadvertently Produced Privileged Information for any purpose until the dispute is resolved. If a Receiving Party becomes aware during the review of any material that is likely to be privileged or

subject to other protection, the Receiving Party shall within a reasonable period of time notify the Producing Person and sequester the material until the Producing Person has had a reasonable opportunity to respond. The Producing Person clawing back the Inadvertently Produced Privileged Information will provide the Receiving Party with a privilege log that reasonably identifies the basis for the assertion of privilege.

26. Disputes Regarding Clawed-Back Privileged Documents: If based on (1) the privilege log entries provided to the Receiving Party by the Producing Person, or (2) the Receiving Party's review of documents that occurred prior to the assertion of privilege and claw-back, there is a dispute over whether the clawed back documents at issue are protected from disclosure by virtue of a privilege or immunity from discovery, the original documents shall nevertheless be immediately destroyed or returned to the Producing Person along with all copies (whether electronic or hard copy) thereof. All counsel shall undertake reasonable efforts to resolve the issue of whether the documents are privileged without court intervention. To the extent counsel cannot resolve the issue, the Receiving Party may bring a motion to compel production of the Inadvertently Produced Privileged Information, but may not assert as a ground for compelling production the fact or circumstance that the Inadvertently Produced Privileged Information had already been produced. In conjunction with such a motion, the Receiving Party may request the Court review *in-camera* the clawed back documents at issue, and, if the Court so orders, the Producing Person shall provide the Inadvertently Produced Privileged Information under seal to the Court for *in-camera* review. In the event of a motion to compel production of the Privileged Documents, the burden is on the Producing Person to provide, in its opposition to the motion to compel, information regarding the content and context of the Inadvertently Produced Privileged

Information sufficient to establish the applicability of any asserted privilege or immunity from discovery.

27. Obligations Following Conclusion Of The Action: Within ninety (90) days of the conclusion of the Action, including all appeals as to all Parties, all Parties shall, upon the request of the Producing Person, take all commercially reasonable steps to return to counsel for the respective Producing Person, or to destroy, all Discovery Material, and all copies or notes thereof in the possession of any person, except that: counsel may retain for its records their work product and a copy of court filings, deposition transcripts, deposition videotapes, deposition exhibits, expert reports, and exhibits introduced at any hearing; and a Receiving Party may retain Discovery Material that is auto-archived or otherwise "backed up" on electronic document management and communications systems or servers, or as may be required for regulatory recordkeeping purposes; provided that such retained documents will continue to be treated as provided in this Order. If a Receiving Party chooses to take all commercially reasonable steps to destroy, rather than return, documents in accordance with this paragraph, that Receiving Party shall, if requested by the Producing Person, verify such destruction in writing to counsel for the Producing Person. Notwithstanding anything in this paragraph, to the extent that the information in the Discovery Material remains confidential, the terms of this Order shall remain binding.

28. Continuing Applicability Of Confidentiality Agreement And Stipulated Protective Order: The provisions of this Order shall survive the final termination of the Action for any retained Discovery Material. The final termination of the Action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Discovery Material pursuant to this Order, and the Court shall retain jurisdiction to enforce this Order.

29. Amendment Of Confidentiality Agreement And Stipulated Protective Order: Upon good cause shown, and on notice to all Parties, any Party may move to amend the provisions of this Order at any time. The Parties may also agree by written stipulation to amend the provisions of this Order, subject to Court approval, and shall abide by the terms of the proposed amendment unless and until the Court orders otherwise.

30. Disclosure Of Discovery Material In Other Proceedings: Any Receiving Party that may be subject to a motion or other form of legal process or any regulatory process, demand or request seeking the disclosure of a Producing Person's Discovery Material: (i) shall promptly notify the Producing Person (unless such notice is prohibited by applicable law) within ten (10) days of receipt of such request to enable it to have an opportunity to appear and be heard on whether that information should be disclosed, and (ii) in the absence of a court order preventing such legally required disclosure, and provided that at least ten (10) days have elapsed since written notice was provided to the Producing Person, the Receiving Party shall be permitted to disclose only that portion of the information that is legally required to be disclosed and shall inform in writing any person to whom such information is so disclosed of the confidential nature of such information. In the event that Discovery Material is produced to a non-party to this Order in response to such a demand, such Discovery Material shall continue to be treated in accordance with its designation as Confidential Material or Highly Confidential Material by the Parties to this Order.

31. Use Of Discovery Material By Producing Person: Nothing in this Order affects the right of any Producing Person to use or disclose its own Discovery Material in any way.

32. Objections To Discovery Requests: Nothing herein shall be deemed (a) to prevent a Party or non-Party from objecting to Discovery Requests for any reason or asserting that information being sought in Discovery Requests is of such a confidential, personal or proprietary

nature that discovery should not be afforded or (b) to preclude a Party or non-Party from seeking additional or further limitations on the use or disclosure of such information.

33. Obligations Of Parties: Nothing herein shall relieve a party of its obligations under the Federal Rules, Local Rules, Judge Gorenstein's Individual Practices, or under any future stipulations and orders, regarding the production of documents or the making of timely responses to Discovery Requests in connection with this Action.

34. Advice Of Counsel: Nothing herein shall prevent or otherwise restrict counsel from rendering advice to their clients in connection with the Action and, in the course thereof, relying on examination of Discovery Material; provided, however, that in rendering such advice and otherwise communicating with such clients, counsel shall not make specific disclosure of any information in any manner that is inconsistent with the restrictions or procedures set forth herein.

35. Enforcement: The provisions of this Order constitute an Order of this Court and violations of the provisions of this Order are subject to enforcement and the imposition of legal sanctions in the same manner as any other Order of the Court. This Court retains jurisdiction to interpret and enforce this Order as to any Party.

36. Notice: When notice is permitted or required by the provisions hereof, such notice shall be in writing, directed to the undersigned counsel of the Party to receive such notice, at the corresponding addresses and email addresses indicated below, and to counsel of any non-Party receiving such notice. Notice shall be delivered by email and may also be delivered by first-class mail, Federal Express (or an equivalent delivery service), or hand delivery, and shall be effective upon receipt.

37. For avoidance of doubt, the confidentiality provisions of this Confidentiality Agreement and Stipulated Protective Order do not limit the authority of the Court, on motion of a

party in interest or *sua sponte,* to determine whether confidential treatment is appropriate when documents or testimony are proposed to be used in Court, whether in motion practice or during trial.

**Generative Artificial Intelligence**

38. Any Receiving Party in possession of Designated Material shall not submit such information to any open Generative AI tool that is available to the public (e.g., ChatGPT), in order to prevent the Designated Material's disclosure or use in any manner inconsistent with this Order.

39. Any Receiving Party in possession of Designated Material shall not submit such information to a closed Generative AI tool unless it can be set to prevent disclosure to third parties or to delete or otherwise destroy the submitted or generated information, as set out in the following paragraph.

40. Any Party or entity bound by this Order that submits Designated Material to a closed Generative AI tool (i.e., a Generative AI tool it owns or licenses or is otherwise not available to the general public) must ensure the Generative AI tool's settings comply with the following requirements:

a. prevents the Generative AI tool from disclosing Designated Material to any third party, including without limitation other users or developers of the Generative AI tool;

b. prevents the Generative AI tool from utilizing the Designated Material in any way unrelated to this Action, including, but not limited to, training its Generative AI model or other purposes;

c. prevents the Generative AI tool from commingling the Designated Material with the data of any other customers or making derivative use of the Designated Material;

d. provides that the Generative AI tool's vendor may only access the Designated Material for its limited role to process the data; and

e. allows for the deletion or destruction of any Designated Material supplied to it or contained in responses generated by it.

41. Disclosure in violation of the preceding paragraphs regarding Generative AI is considered disclosure to a third party under the terms of this Order.

SO STIPULATED AND AGREED.

Dated: October 23, 2026

KAGEN, CASPERSEN & BOGART PLLC

/s/ *Russell Bogart*
Russell Bogart
Stuart Kagen
551 Madison Avenue, 12th Floor
New York, NY 10022
Telephone: (212) 880-2045
rbogart@kcbfirm.com
skagen@kcbfirm.com

*Counsel for Wormser Corporation*

MAYER BROWN LLP

/s/ *Jennifer M. Rosa*
Jennifer M. Rosa
1221 Avenue of the Americas
New York, NY 10020 Telephone:
(212) 506-2500
jrosa@mayerbrown.com

Lee H. Rubin (*pro hac vice*)
Elspeth V. Hansen (*pro hac vice*)
Two Palo Alto Square
3000 El Camino Real
Palo Alto, California 94306
Telephone: (650) 331-2037
lrubin@mayerbrown.com
ehansen@mayerbrown.com

*Counsel for HK Kolmar USA, LLC*

SO ORDERED.

Dated: October 23, 2026
New York, NY

GABRIEL W. GORENSTEIN
United States Magistrate Judge

# EXHIBIT A

## DECLARATION OF ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY THE CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER

1. I, ______________________ , declare under penalty of perjury (this "Declaration") that:

2. My address is _____________________________.

3. My present employer is _____________________________.

4. My present occupation or job description is _____________________________.

5. I hereby certify and agree that I have read and understand the terms of the Confidentiality Agreement and Stipulated Protective Order (the "Order") relating to the case of *HK Kolmar USA, LLC v. Wormser Corporation*, No. 24-cv-9144-GWG (S.D.N.Y.) (the "Action"). All capitalized terms not otherwise defined in this Declaration have the meanings ascribed to such terms in the Order. I further certify that I will not use Discovery Material for any purpose other than this Action, and will not disclose or cause Discovery Material to be disclosed to anyone not expressly permitted by the Order to receive Discovery Material. I agree to be bound by the terms and conditions of the Order.

6. I understand that I am to retain in confidence from all individuals not expressly permitted to receive Discovery Material all copies of any Discovery Material, and that I will carefully maintain such materials in a manner consistent with the Order. I acknowledge that the return or destruction of Discovery Material shall not relieve me from any other continuing obligations imposed upon me by the Order.

7. I stipulate to the jurisdiction of this Court solely with respect to the provisions of the Order.

Date: _____________________ Signature: _________________________________